# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 9, 2016

153422

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

YUAN LEI, by BRIAN GOETZ,
as Next Friend,
      Plaintiff-Appellant,

v

                          SC:  153422
                          COA:  325168
                          Washtenaw CC:  13-000436-NI

PROGRESSIVE MICHIGAN
INSURANCE COMPANY,
      Defendant-Appellee,

and

DONNA McBRIDE, STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY, CITIZENS INSURANCE
COMPANY OF AMERICA, and HOME-
OWNERS INSURANCE COMPANY,
      Defendants.

_____/

On order of the Court, the application for leave to appeal the February 16, 2016 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

Plaintiff was struck by an uninsured motorist while crossing a street. At the time of the accident, plaintiff lived part of the time with her stepgrandmother, Merilyn Goetz, who was insured by defendant. The issue here is whether plaintiff is Merilyn's "relative" under this coverage. The trial court denied defendant's motion for summary disposition and subsequently entered a consent judgment in favor of plaintiff that allowed defendant to file an appeal. In a split decision, the Court of Appeals reversed, holding that plaintiff was not Merilyn's relative under the policy.

The pertinent policy defines "relative" as "a person residing in the same household as you, and related to you by blood, marriage, or adoption, and includes a ward, stepchild, or foster child." Plaintiff argues, and the trial court held, that plaintiff is Merilyn's relative because she is related to Merilyn "by marriage." The Court of Appeals disagreed, holding that because the phrase "and includes a . . . stepchild" provides that stepchildren are relatives in addition to persons related to the insured by marriage, this necessarily signifies that the phrase "related to you by . . . marriage" does not include step-relationships. According to the Court of Appeals, if the phrase "related to you by

. . . marriage" is interpreted to include step-relationships, the phrase "and includes a . . . stepchild" would be rendered surplusage. The Court of Appeals dissent on the other hand concluded that the phrase "and includes a ward, stepchild, or foster child" is not meant to be limiting, but rather illustrative and expansive so as to communicate the broad meaning of the word "related." According to the dissent, the phrase "related to you by . . . marriage" must mean more than just the named insured's spouse because otherwise it would render the phrase mere surplusage given that the policy defines the word "you" to include the named insured's spouse.

Both sides, in my view, raise good arguments. On the one hand, if the phrase "related to you by . . . marriage" includes step-relationships, why does the policy proceed to state "and includes a . . . stepchild"? On the other hand, if the phrase "related to you by . . . marriage" does not include step-relationships, what does it include? The Court of Appeals held that it includes the named insured's spouse. However, as the dissenting judge pointed out, a spouse is already covered under the definition of "you." It seems that no matter how the contract is interpreted, one of the two phrases is rendered surplusage.

The dissenting judge concluded that the best way to interpret the contract is to conclude that the phrase "related to you by . . . marriage" includes step-relationships and the phrase "and includes a . . . stepchild" is simply illustrative. Defendant argues that this cannot be correct because neither a ward nor a foster child is necessarily "related to you by blood, marriage, or adoption." Therefore, we would have to conclude that the phrase "and includes a ward, stepchild, or foster child" is intended to expand coverage with regards to a ward or a foster child, but is only intended to be illustrative with regards to a stepchild. Perhaps that is appropriate though because a ward or a foster child could be "related to you by . . . marriage" and in that case the phrase would be illustrative rather than expansive. In other words, it might simply be the case that the parties to the contract intended the phrase to be both illustrative and expansive depending on the circumstances.

Because I believe that the dissent sets forth a reasonably persuasive harmonizing analysis of the policy language and because "when parties have freely established their mutual rights and obligations through the formation of unambiguous contracts, the law requires this Court to enforce the terms and conditions contained in such contracts, if the

contract is not 'contrary to public policy,' " *Bloomfield Estates Improvement Ass'n v Birmingham*, 479 Mich 206, 213 (2007) (citation omitted), I would grant leave to appeal to consider whether the Court of Appeals correctly interpreted the instant policy.

BERNSTEIN, J., joins the statement of MARKMAN, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 9, 2016



Clerk

a1209